UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR CREDIT COMPANY,

                    Appellant,                    Case No. 16-13333

v.                                              Paul D. Borman
                                                United States District Judge

WILLIAM MCKINLEY HALL and
LATANYA BRIDGES-HALL,                Walter Shapero
                                                United States Bankruptcy Judge

                    Appellees.
_____/

## OPINION AND ORDER:
### (1) REVERSING THE BANKRUPTCY COURT'S "ORDER DISAPPROVING REAFFIRMATION AGREEMENT BUT PROVIDING DEBTOR WITH OTHER RELIEF" (EXHIBIT D, APPELLANT'S BRIEF); AND
### (2) REMANDING FOR FURTHER PROCEEDINGS

Appellant Ford Motor Credit Company ("**FMCC**") challenges the Bankruptcy Court's Order of August 29, 2016 (ECF No. 5, Appellant's Br. Ex. D), which rejected the reaffirmation agreement executed by Appellant and Appellees William McKinley Hall and Latanya Bridges-Hall. That agreement had incorporated the Appellees' intent to reaffirm their contract with Appellant FMCC on a vehicle. The Bankruptcy Court not only rejected Appellees' reaffirmation request, but then proceeded *sua sponte* to improperly (1) rewrite the contract between the parties, and (2) issue an injunction against Appellant. For the reasons set forth below, the Court REVERSES the Bankruptcy Court Order and

REMANDS this case to the Bankruptcy Court for further proceedings consistent with this Order.

## I.    BACKGROUND

On June 21, 2014, Appellees Hall entered into an installment contract with Appellant FMCC to purchase a 2014 Ford Escape vehicle. (ECF No. 5, Appellant's Br. Ex. A, Vehicle Retail Installment Contract.) The total amount financed pursuant to the contract was $35,165.52, which Appellees agreed to pay in equal monthly increments for 72 months. (*Id.* at 19, Pg ID 36.) The contract also included a default-on-filing clause (also known as an "*ipso facto* clause"), which provided that Appellees would be in default on the contract if "[y]ou file a bankruptcy petition or one is filed against you." (*Id.* at 20, Pg ID 37.)

Nearly 25 months later, on July 19, 2016, Appellees filed a *pro se* petition for Chapter 7 bankruptcy. (*In re Hall*, Case No. 16-bk-50148, ECF No. 1, Voluntary Petition (Chapter 7).) Along with their petition, Appellees filed a Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108), pursuant to 11 U.S.C. § 521(a)(2)(A), in which they stated their intention to retain the vehicle and to enter into a reaffirmation agreement with Appellant. (*Id.* at 62.) On August 9, 2016, Appellees executed their stated intention, pursuant to 11 U.S.C. § 521(a)(2)(B), by filing a reaffirmation agreement signed by Appellees and by Appellant's counsel. (Appellant's Br. Ex. B, Reaffirmation Agreement.) At the

2

same time, Appellees filed a Motion for Approval of Reaffirmation Agreement. (Appellant's Br. Ex. C, Debtor's Motion for Approval.)

After an August 25, 2016 hearing on Appellees' motion, the Bankruptcy Court, on August 29, 2016, entered an "Order Disapproving Reaffirmation Agreement But Providing Debtor With Other Relief." (Appellant's Br. Ex. D, Bankruptcy Court Order.) In that Order, the Bankruptcy Court analyzed Appellees' financial circumstances, determined that the value of the vehicle was some 25% less than what Appellees owed on their contract, with the disparity likely to increase over time. The Bankruptcy Court concluded that

> either a presumption of undue hardship arose in this case, and, the Debtors have failed to rebut the indicated presumption or, in any event even if that presumption did not arise, given the indicated facts and the totality of the circumstances, the subject reaffirmation agreement imposes an undue hardship on the Debtors and is not in their best interest.

(Bankruptcy Court Order, August 29, 2016 at 3.)

The Bankruptcy Court refused to approve Appellees' reaffirmation agreement under 11 U.S.C. §§ 524(c)(6) and 524(m), and then held that

> as long as the Debtors are complying with the monetary and other obligations under the agreement(s) with said Creditor in respect to said debt and is not in default thereunder, Creditor may not seek to enforce its rights in respect thereto and repossess the vehicle, unless (and notwithstanding the bankruptcy or discharge of the debt itself) it is clearly permitted to do so under applicable law.

(Bankruptcy Court Order at 3.)

3

On September 14, 2016, Appellant filed this appeal (ECF No. 1, Notice of Appeal), and on October 21, 2016, filed its brief in support of the appeal (ECF No. 5, Appellant's Br.). Appellees have not filed a response brief.

On October 26, 2016, the Bankruptcy Court granted a discharge to Appellees under 11 U.S.C. § 727. (*In re Hall*, Case No. 2:16-bk-50148, ECF No. 37, Order of Discharge.)

A hearing on this appeal was held on April 13, 2017. Appellees, who were present at the hearing, not represented by counsel, stated that they have kept current in their car payments to Appellant.

## II.    JURISDICTION AND LEGAL STANDARDS

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). District courts review factual findings of bankruptcy courts for clear error, and their legal conclusions *de novo*. *See In re Global Technovations Inc.*, 694 F.3d 705, 714 (6th Cir. 2012) (quoting *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 631 (6th Cir. 1994)).

## III.    DISCUSSION

Appellant challenges the Bankruptcy Court "Order Disapproving Reaffirmation Agreement But Providing Debtor With Other Relief." Appellant contends that the Bankruptcy Court "abused its discretion in several ways: First by imposing an injunction on Appellant when none was sought; second, when

Appellant was not notified that an injunction was to be issued against it; and third, when no evidence in support of an injunction was considered or even requested by the court . . . ." (Appellant's Br. at 12, Pg ID 29.) Appellant concluded that the Bankruptcy Court did not notice up the injunction issue for consideration that would have permitted it to proceed with the findings and conclusions that it is required to make before awarding injunctive relief.

Appellant's argument has merit. The Bankruptcy Court exceeded its authority when it *sua sponte* and without notice imposed an injunction against Appellant in the August 29, 2016 Order. The legal basis for that injunction is not apparent from the Order. Indeed, Title 11 U.S.C. § 524(m)(1) states: "No agreement shall be disapproved without notice and a hearing to the debtor and creditor . . . ." The Bankruptcy Court did not set forth specific findings or conclusions that would justify a "necessary or appropriate" injunction under 11 U.S.C. § 105(a).[1] Further, the Bankruptcy Court's Order would still have run afoul of Fed. R. Civ. P. 65(a), which provides that a preliminary injunction may be issued "only on notice to the adverse party." Appellant was given no such notice.

---

[1] *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (explaining that a bankruptcy court must make "specific findings concerning . . . four factors, unless fewer are dispositive of the issue[,]" for a § 105(a) injunction: "(1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction").

5

The Court also finds error in the Bankruptcy Court's determination that the reaffirmation agreement imposed undue hardship on Appellees. A presumption of undue hardship did not arise in this case, since Appellees' signed statement in support of the reaffirmation agreement indicated that Appellees' net monthly income exceeded their monthly expenses added to the monthly payment under the reaffirmation agreement. Specifically, Appellees represented in their bankruptcy petition that their gross monthly income was $2,824 and that their monthly expenses (minus their payments on the vehicle) totaled $1,845, leaving a net monthly income of $979. (*In re Hall*, Case No. 16-bk-50148, ECF No. 1, Voluntary Petition (Chapter 7) at 42-46.) Appellees would have been required to make $488 in monthly payments (as well as a single late-charge payment of $73.26) under the proposed reaffirmation agreement. (Appellant's Br. Ex. B, Reaffirmation Agreement at 24, Pg ID 41.) The Bankruptcy Code is clear that the undue hardship presumption arises only "if the debtor's monthly income less the debtor's monthly expenses *as shown on the debtor's completed and signed statement in support of such agreement* . . . is less than the scheduled payments on the reaffirmed debt."[2] 11 U.S.C. § 524(m)(1) (emphasis added).

_____

[2] The net monthly income indicated on Appellees' signed statement in support of the proposed reaffirmation agreement was $491 rather than $979, but that lower figure appears to have the $488 monthly vehicle payment amount already subtracted from it, since the income and expense totals on Appellees' proposed reaffirmation agreement were drawn from Schedules I and J on Appellees'

Further, at the hearing, the Bankruptcy Judge questioned Appellees about their income and their expenses, producing the following numbers: a total monthly income of $1695, factoring in salary ($395), disability assistance ($1100), and food stamps ($200); and (excluding the $488 monthly car payment) total monthly expenses of $1060, factoring in the costs of food ($150), housekeeping supplies ($15), rent ($625), utilities ($120), transportation ($120), and health insurance ($30). (*See In re Hall*, Case No. 16-bk-50148, ECF No. 36, Transcript of August 25, 2016 Hearing at 4-10.) Accordingly, no such undue hardship presumption was present in this case.

To the extent that the Bankruptcy Court made its determination independently of any statutory presumption of undue hardship, that determination fails. The Bankruptcy Court appears to have disregarded the Appellees' representations as to their financial status in the proposed reaffirmation agreement, and also in their responses to the Bankruptcy Court at the hearing again establishing that their net monthly income exceeded their car payments. In view of this, the Court finds that the Bankruptcy Court did not establish that the proposed reaffirmation agreement imposed undue hardship on Appellees.

---

bankruptcy petition, which included the $488 car payment among Appellees' monthly expenses. (Appellant's Br. Ex. B, Reaffirmation Agreement at 21-27, Pg ID 38-44.) Even with this error, the signed statement's indication of Appellees' net monthly income ($491) exceeds the projected monthly car payment ($488), so there is no question that a presumption of undue hardship did not arise in this case.

7

On a broader level, Appellant aptly points out that the "Other Relief" awarded to Appellees by the Bankruptcy Court resembles a "ride-through" (or "pay and drive"), a judicially-created remedy by which some bankruptcy courts would permit debtors with personal property securing a portion of their debt to retain the property after bankruptcy without having to choose one of the statutorily provided options of redeeming the property or entering into a reaffirmation agreement with their creditors. *See In re Dumont*, 581 F.3d 1104, 1108–09 (9th Cir. 2009) (summarizing the use of and controversy over the "ride-through" remedy).

The transcript of the August 25, 2016 hearing on the reaffirmation agreement strongly suggests that the Bankruptcy Court was creating a ride-through:

> THE COURT: . . . There's a middle ground I'm allowed to permit and that is the following. I can decide that I won't allow the reaffirmation of the debt, but I can [enter] an order that says that you could keep the car without the reaffirmation unless and until you default and they're entitled to take the car back by reason of the contractual relationships or state law. That's a middle ground I sometimes order in cases where I'm concerned about whether or not there is a financial hardship. . . . You will receive shortly in the mail from me an order as to whether or not I'm going to reaffirm the debt or not reaffirm it, but indicate some other relief that I give you to enable you to keep the car.

(*In re Hall*, Case No. 16-bk-50148, ECF No. 36, Transcript of August 25, 2016 Hearing at 12.)

8

Certain United States Courts of Appeal that have addressed the issue have held that Congress eliminated the "ride-through" when it enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("**BAPCPA**"), Pub.L. No. 109–8, 119 Stat. 23, in 2005. *See, e.g., In re Jones*, 591 F.3d 308, 310–12 (4th Cir. 2010) (analyzing various provisions added to the United States Bankruptcy Code by BAPCPA and concluding that they eliminated the "ride-through" option permitted in some circuits prior to BAPCPA); *Dumont*, 581 F.3d at 1112–18 (9th Cir.) (same). This Court recognizes that some District Court and Bankruptcy Court decisions have approved a "ride-through" option. *See, e.g., In re Baker*, 400 B.R. 136, 139 (D. Del. 2009); *Coastal Fed. Credit Union v. Hardiman*, 398 B.R. 161 (E.D.N.C. 2008). This Court rejects that option because it was specifically rejected by Congress in 2005.

Appellant argues that the Bankruptcy Court overstepped its authority in this case in *sua sponte* rewriting the contract between the parties, and issuing an injunction without notice. This Court agrees with Appellant. The error necessitates reversal and remand.

## IV.     CONCLUSION

For the reasons set forth above, the decision of the Bankruptcy Court is REVERSED, and this case is REMANDED to the Bankruptcy Court for further proceedings consistent with this Opinion and Order to enforce the provisions of the contract entered into between Appellant FMCC and Appellees Hall.

IT IS SO ORDERED.


                                          s/Paul D. Borman
                                          Paul D. Borman
                                          United States District Judge

Dated: July 20, 2017




CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2017.

                                          s/D. Tofil
                                          Deborah Tofil, Case Manager